**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**DERRICK T. BENNETT**                                                                         **PLAINTIFF**

**VS.**                             **CIVIL ACTION NO.: 4:22-CV-50-JMV**

**ADVANCED DISTRIBUTOR PRODUCTS**                             **DEFENDANT**

**ORDER**

Before the Court is the Defendant's Motion to Dismiss [6]. For the reasons explained herein, motion shall be granted in part and denied in part. The motion is denied with respect to the Plaintiff's ADA claim, and the motion is granted as to the HIPAA and breach of contract claims.

Plaintiff alleges in his complaint [2], made in the format of a letter filed on March 1, 2022, in Mississippi State Court in Grenada County, that he has a disability and was discriminated against on August 20, 2021, in violation of the ADA. On the other hand, Plaintiff also asserts in his complaint that he was fired on August 20, 2021, because his employer incorrectly believed he falsified his medical information. Specifically, he alleges that his doctor completed a medical assessment form on July 27, 2021, approximately 14 days after he was hired by Defendant, and the medical form stated he "had a lifting restriction." Later, he asked his doctor to remove the restriction "because I needed my job." Plaintiff alleges he did so because an employee of Defendant informed Plaintiff he would need to have his doctor re-assess his medical condition in order for him to return to work. The change to the medical assessment form was then made, so it no longer "reflected he had restrictions" according to the complaint. The re-assessment was then faxed from the doctor's office to the Defendant's human resources department on August 17, 2021. The Plaintiff alleges the form showed "white-out on the

paperwork" at this point, which served as the basis for the "discharge[] for allegedly falsifying medical information" according to Plaintiff. Plaintiff's complaint also alleges generally wrongful termination in breach of contract and violation of HIPAA privacy rights. Plaintiff seeks $1.695 million in damages cumulatively. No exhibits, including but not limited to an EEOC charge or right to sue letter, are attached to the complaint.

On April 5, 2022, Defendant employer, reserving its defenses, removed this action here [1], stating "(a) Plaintiff's Complaint is based on allegations that Defendant violated the Americans with Disabilities Act, 42 U.S.C. §12101 et seq. ("ADA"). (b) This Court has original jurisdiction over the above-captioned action pursuant to the ADA, which may properly be removed to this Court pursuant to 28 U.S.C §1441. (c) This Court has pendent jurisdiction over plaintiff's state law and common law claims pursuant to 28 U.S.C. §1367."

On April 8, 2022, Defendant filed a motion to dismiss [6]. Defendant asserts: (1) as to the ADA claim, Plaintiff has not alleged he was terminated on account of a disability, but rather, alleges he was terminated because his employer incorrectly believed he falsified his medical records; (2) as for Plaintiff's alleged HIPAA claim, the law does not provide a private cause of action; and (3) as for Plaintiff's breach of contract claim, he has asserted no facts that might plausibly infer the existence of an enforceable contract.

Plaintiff then moved for [8] and was granted an extension of time until May 16, 2022, to respond to the motion to dismiss [9]. However, before he filed his response, he filed additional "papers" on the docket [11] in reference to his complaint. The first document is an unsigned letter on the letterhead of Defendant from August 20, 2021, stating that Plaintiff "violated the Workplace Expectation Rules of Conduct – Falsifying documents (Medical Documentation) 4.1.18. Your employment with [Defendant] along with your benefits is terminated." [11] at 2.

The second document reflects an entry in the records of Plaintiff's physician of a phone call made by Plaintiff to the clinic at 1:32 p.m. on August 17, 2021, wherein Plaintiff relayed that he "needs Accom[m]odation packet in media to reflect that he is able to return to work. Did not see in last ov that he was fully released. States he cannot return without it being updated." This record reflects that the message was delivered, and a clinic employee "refaxed corrected work accommodation." [11] at 3.

The third document appears to be two pages of a fax transmittal made on what appears to be July 27, 2021, at 3:23 p.m. made from a facsimile machine at the Coffeeville Public Library. The fax is of a medical assessment, apparently by Plaintiff's doctor, which states the following: Plaintiff is not currently released to return to work, it is unknown when he might be able to return to work with or without reasonable accommodation, and that he is unable to perform a full range of motion in his left upper extremity. [11] at 4.

The fourth document appears to be an almost exact copy of the third document, except now this fourth document reflects an addition fax transmittal date of August 17, 2021. In response to the second question, the fourth document states both that Plaintiff is currently released to work, but also that it is unknown at this time what date the Plaintiff will be able to return to work with or without reasonable accommodations. In all other respects, the fourth document recites the same information as the third. [11] at 5.

The fifth document attached is an unsigned, undated EEOC Dismissal of Charge and Notice of Rights addressed to Plaintiff and addressing EEOC Charge No. 423-2021-01285, and showing a copy having been sent to Defendant. [11] at 6.

On May 16, 2021, Plaintiff filed his response to Defendant's Motion to Dismiss [15], in which he recounts the allegations of his original complaint.

It is well-settled and understandable that *pro se* litigants are held to a more lenient standard of pleading than practicing lawyers. *See Gordon v. Watson*, 622 F. 2d 120, 123 (5th Cir. 1980) (per curiam) ("[P]ro se litigants are not held to the same standards of compliance with formal or technical pleading rules applied to attorneys…."). There are, however, limits to this liberal construction. The court may not raise issues the pro se litigant has failed to plead, and the "pro se litigant must actually argue something that is susceptible to liberal construction." *Frazier v. Morris*, No. 2:11CV104-MPM-DAS, 2014 WL 4686723, n. 17 (N.D. Miss. Sept. 18, 2014) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

In this case, with respect to the asserted ADA claim, it is unclear to the court at this juncture just what occurred or is alleged to have occurred. The records appear to reflect that Plaintiff was hired in or around early July 2021, and Plaintiff continued his employment with Defendant until his termination on August 20, 2021. Plaintiff appears to be unable to perform a major life function from which it was unknown when he might recover so as to be able to work or without a reasonable accommodation, and yet Plaintiff is also apparently released by his doctor on August 17, 2021, to return to work. In short, in an exercise of an abundance of caution owing to Plaintiff's pro se litigant status and the ambiguous facts set forth, the court will at this time deny the motion to dismiss the ADA claim. In lieu of granting the motion, the court will require Plaintiff to within 14 days of today to file a motion to amend his complaint with a proposed amended complaint attached in which Plaintiff must include the following information in a clear fashion:

- The basis for his ADA claim against Defendant.
- Attach a copy of Plaintiff's EEOC Charge.

- Facts showing that Plaintiff with or without reasonable accommodation could perform the essential functions of the job.

As for the HIPAA and breach of contract claims, the same are dismissed. There is no private cause of action for HIPAA violation. *Miller v. Nichols*, 586 F. 3d 53, 59-60 (1st Cir. 2009). Also, as discussed above, no facts from the pleadings can plausibly infer that Plaintiff was anything other than an at-will employee. *See Hawkins v. Toro Co.*, 66 F. 3d 321, *1 (5th Cir. 1995) (explaining that at-will employees may be terminated for a good reason, a wrong reason, or no reason).

**IT IS THEREFORE ORDERED** that the motion to dismiss [6] shall be and is hereby **GRANTED IN PART AND DENIED IN PART. Plaintiff shall have fourteen (14) days from the date of this order to file a motion to amend his complaint with a proposed amended complaint attached.**

**SO ORDERED** this, the 4th day of August, 2022.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**