**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**DERRICK T. BENNETT**                                                     **PLAINTIFF**

**VS.**                                                                 **CIVIL ACTION NO.: 4:22-cv-50-JMV**

**ADVANCED DISTRIBUTOR PRODUCTS**                          **DEFENDANT**

**ORDER**

    **I.    Introduction**

This matter is before the court on motion of Defendant to dismiss Plaintiff's remaining claim[1] for violation of the Americans with Disabilities Act [45] for failure to state a claim. For the reasons discussed below, the motion is denied.

By way of background, this action was filed in Mississippi state court and removed here on April 5, 2022 [1]. On April 8, 2022, Defendant made an initial motion to dismiss [6] asserting, as relates to the purported ADA claim, that the complaint did not allege Plaintiff suffered an adverse employment action because of an alleged disability. Instead, Defendant asserted that Plaintiff alleged that Defendant terminated Plaintiff for allegedly falsifying a medical record in violation of a work rule. By order dated August 4, 2022, this court held, with respect to Plaintiff's ADA claim, that Defendant's motion to dismiss was denied in as much as the allegations made by Plaintiff in his *pro se* capacity were unclear and plaintiff was afforded a further opportunity describe his ADA claim. After Plaintiff was afforded this opportunity, Defendant renewed its motion to dismiss [45] on August 30, 2022, on the basis that, again,

---

[1] This Court dismissed Plaintiff's HIPAA and breach of contract claims in its August 4, 2022, order [40].

Plaintiff does not allege he was terminated because of a disability and also on the basis that he does not allege he was qualified for the position.

## II. Legal Standards

### a. Rule 12(b)(6) Dismissal

In considering a Rule 12(b)(6) motion, courts must "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff ... and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016).

### b. *Pro Se* Litigants

It is well-settled and understandable that *pro se* litigants are held to a more lenient standard of pleading than practicing lawyers. *See Gordon v. Watson*, 622 F. 2d 120, 123 (5th Cir. 1980) (per curiam) ("[P]ro se litigants are not held to the same standards of compliance with formal or technical pleading rules applied to attorneys…."). There are, however, limits to this liberal construction. In other words, while *pro se* plaintiffs are held to "a more lenient standard than lawyers when analyzing complaints" the law still requires that *pro se* plaintiffs "plead factual allegations that raise the right to relief above the speculative level." *Chhim v. Univ. of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016).

### c. Americans with Disabilities Act

Under the ADA, employers are prohibited from discriminating "on the basis of disability in regard to … [the] discharge of employees." 42 U.S.C. § 12112. A plaintiff's claims are considered under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 (1973), *modified in Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003), and *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305 (5th Cir. 2004), when the plaintiff attempts to prove

discrimination through indirect or circumstantial evidence. *E.E.O.C. v. Chevron Phillips Chem. Co.*, 570 F.3d 606, 615 (5th Cir. 2009) (citing *McInnis v. Alamo Comm. Coll. Dist.*, 207 F.3d 276, 279 (5th Cir. 2000)). The plaintiff has the initial burden of making a prima facie showing of discrimination under this modified approach. *Abarca v. Metro. Transit Auth.*, 404 F.3d 938, 941 (5th Cir. 2005); *Rachid*, 376 F.3d at 312.

An ADA plaintiff must specifically show that (1) he is disabled, has a record of having a disability, or is regarded as disabled, (2) he is qualified for his job, and (3) he was subjected to an adverse employment action on account of his disability or perception of his disability. *E.E.O.C. v. LHC Grp., Inc.*, 773 F.3d 688, 695 (5th Cir. 2014). For cases that involve work-rule violations allegations, plaintiffs "may establish a prima facie case by showing 'either that [they] did not violate the rule or that, if [they] did, [employees outside the protected class] who engaged in similar acts were not punished similarly.'" *Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1090 (5th Cir. 1995) (quoting *Green v. Armstrong Rubber Co.*, 612 F.2d 967, 968 (5th Cir.1980)); *see also Greene v. Potter*, 240 Fed.Appx. 657, 660 (5th Cir. 2007) (per curiam).

Although courts require that plaintiffs establish a prima facia case to prevail in an employment-discrimination action, this requirement does not control at the pleading stage[2] and a plaintiff need not make out a prima facia case of discrimination to survive a motion to

---

[2] Of course, beyond this initial stage, if a plaintiff makes a prima facie showing, the burden shifts to the defendant to articulate a "legitimate, nondiscriminatory reason" for the adverse employment decision. *Culwell v. City of Fort Worth*, 468 F.3d 868, 873 (5th Cir. 2006). The only question is whether the employer had a good-faith belief that the facts that motivated the adverse action were true. *Jackson v. Cal–W. Packaging Corp.*, 602 F.3d 374, 379 (5th Cir. 2010). A factual dispute over the employee's innocence of the allegations against him is not enough to survive summary judgment; the plaintiff must put forward evidence sufficient to create a factual dispute as to whether or not the company subjectively believed that the allegations were true. *Lucas v. T-Mobile USA, Inc.*, 217 F. Supp. 3d 951, 957 (S.D. Tex. 2016), judgment entered, No. CV H-15-2825, 2016 WL 6875830 (S.D. Tex. Nov. 21, 2016); *see also Waggoner v. City of Garland*, 987 F.2d 1160, 1165–66 (5th Cir. 1993) ("[T]he inquiry is limited to whether the employer believed the allegation in good faith and whether the decision to discharge the employee was based on that belief.").

dismiss. *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013). The plaintiff need only assert enough factual allegations on all the elements to render his case plausible. *Chhim*, 836 F.3d 467 (explaining that plaintiffs must allege facts making plausible the claim that the defendant took the adverse employment action (i.e., termination) against a plaintiff because of his alleged protected status).

### III. Analysis

The *pro se* plaintiff offers collectively the following facts in support of an ADA claim: after having been employed by Defendant for 14 days, he announced, on his job, that he could not perform a job task that required he lift his left arm above his head due to a motor vehicle accident suffered a year earlier. He asserts he was then instructed by someone in the HR dept. to have his doctor fill out an employer provided medical questionnaire. The questionnaire sought, in relevant part, the following information: Is patient currently released to work? If no, what date do you anticipate the patient will be able to return to work with or without reasonable accommodation? Does the patient have a physical or mental impairment that limits their ability to perform a major life activity? If yes, list the major life activities that are limited by the impairment. Do the limitations listed above also prevent the patient from performing the essential functions listed in the job description/job analysis form without a reasonable accommodation? If yes, please describe….

According to the plaintiff, he requested his doctor fill out the form and then the clinic faxed it to the employer. In response to the aforesaid questions, Plaintiff's doctor wrote that he was not released for work; it was unknown when he would be able to be released with or without reasonable accommodation; his impairment limited his ability to perform a major life activity- specifically the ability to perform full range of motion with his left upper extremity; and his

impairment limited his ability to perform an essential function of his job without a reasonable accommodation.

After receipt of this medical information, Plaintiff alleges he was informed by Defendant that his doctor had not released him to return to work and he was instructed that in order to be returned to work he would have to be released to work by his doctor. Thereafter, the defendant was faxed the same medical form containing all of the same information except that it looked as if "white out" now appeared where "no" had appeared in response to the question of whether Plaintiff was released to return to work, and "yes" was checked instead. In all other respects the medical form was identical to that previously faxed to the defendant, including the notation that plaintiff could not perform the essential functions of his job without being provided a reasonable accommodation. On receipt of this latter medical record, Plaintiff alleges, in so many words, that rather than being put to work with a reasonable accommodation, he was accused by Defendant of falsifying his medical record which he denied to the employer. Nevertheless, he subsequently received a termination of employment letter stating:

"Dear Derrick: It was proven that you violated the workplace expectations rules of conduct- Falsifying Documents (Medical documentation) 4.1.8 Your employment with Advanced Distributor Products along with your benefits is terminated…"

Plaintiff, who continues to deny that he falsified the medical record, then proceeded to file a claim for wrongful termination in violation of the ADA with the EEOC who subsequently issued a right to sue notice.

Though the plaintiff has alleged he was terminated because he had falsified his medical record, he also alleges that the subject medical record was changed by his doctor after the

employer informed him it would be necessary for the doctor to do so in order for him to work; he informed the employer before he was terminated that he did not falsify the record; and he offers information to establish that he did not falsify the medical record. And, *if* ultimately shown to be true, such could call into question the employer's good faith belief in its stated rationale for terminating him (that it had proven he falsified the record)

This taken together with the allegation that he was discriminated against in violation of the ADA, the assertion that he was "qualified" for the position, the law applicable in work force rule violation cases, and plaintiff's *pro se* status, dictate that the undersigned decline at this early stage to dismiss the ADA claim for failure to state a claim.

For all of the foregoing reasons, Defendant's Motion to Dismiss is denied.

**SO ORDERED** this, the 23rd day of September, 2022.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**