**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**DERRICK T. BENNETT**                                                                            **PLAINTIFF**

**VS.**                                                        **CIVIL ACTION NO.: 4:22-cv-50-JMV**

**ADVANCED DISTRIBUTOR PRODUCTS**                                              **DEFENDANT**

**ORDER**

Before the court are Plaintiff's motions for discovery [47] as well as for a default

judgment re the motion for discovery [52]. For the reasons discussed below, both motions are

denied.

On or around August 4, 2022, Plaintiff served the following request for production on

Defendant [50, Exhibit B]: "The Plaintiff Mr. Derrick T. Bennett motion to request the following

two write ups and the recording from Mrs. Kathleen Cooks that lead up to the Plaintiff Derrick

T. Bennett wrongful termination."

On August 12, 2022, Defendant served its responses to the requests for production [50,

Exhibit C], stating the following regarding the alleged two writeups: "ADP objects to this

request because it is vague. It is not clear what Plaintiff is requesting and in what form. However,

subject to this objection, ADP responds that as part of ADP's initial disclosures, Plaintiff's entire

personnel file was produced to Plaintiff." Regarding an alleged recording from Mrs. Kathleen

Cooks that leads up to Plaintiff's termination, ADP objected to the request on the basis it

improperly states that Plaintiff was wrongfully termination. ADP further objects to this request

on the grounds that it is vague. Subject to these objections, ADP responds that no recording has

been found within ADP's possession, custody, or control relating to Plaintiff. Instead, ADP has

already produced the following documents: (1) Plaintiff's personnel file, (2) Plaintiff's

accommodation paperwork, (3) Plaintiff's points record, (4) Plaintiff's timecard records, and (5) Plaintiff's pay stubs.

On September 6, 2022, Plaintiff filed a motion seeking, in essence, to compel the defendant to produce the referenced audio tape and two work accommodation writeups. Plaintiff, however, failed to: include a Good Faith Certificate, as required by L.U.CIV.R. 37(a);[1] acknowledge that Defendant has timely responded to the request for production of these documents or things stating that it has no such documents or things other than as have been completely provided to Plaintiff in timely response to his request for production; and provides no facts from which the court might plausibly entertain the suggestion that the defendant's responses to the request for production are untrue and/or it is wrongfully withholding such documents. On September 22, 2022, Defendant further responded by way of answer to Plaintiff's motion [50], that within its responses and objection, "ADP made clear that all documents within ADP's possession custody and/or control related to Bennett's employment and termination had been produced to Bennett and that ADP did not [sic] any knowledge of and/or possession of any alleged recording."

Based on the foregoing record, the court finds the plaintiff's motion to compel to be without any merit.

Although the court applies less stringent standards to *pro se* parties, these parties must still reasonably comply with the rules. *See Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981). Accordingly, if Plaintiff should re-urge a motion for production of these items, he is cautioned, in advance, that the noted deficiencies in the instant motion must be cured.

---

[1] An online copy of the Local Rules may be found at the following web address: https://www.msnd.uscourts.gov/court-info/local-rules-and-orders.

As for the motion for default judgment, the same is also denied for a number of reasons: that Plaintiff's motion to compel, which apparently forms the basis for his motion for default judgment, is itself denied as discussed above; and there is no proper procedural or substantive basis whatsoever demonstrated for entry of a default judgment in this case.

**SO ORDERED** this, the 3rd day of October, 2022.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**